(20 Misc. Rep. 672.)

HAAS v. BROWN et al.

(City Court of New York, General Term. July 2, 1897.)

ACTION AGAINST TENANT—INJURY TO PREMISES.
　　In an action to recover damages for breach of covenant in a lease, it appeared that defendants had covenanted that the demised premises should be surrendered in as good a condition as reasonable use would permit. Plaintiff adduced evidence that defendants. regardless of repeated warnings, so overloaded the second floor as to cause the beams to break and the floor to fall. On defendants' behalf there was evidence that plaintiff had repeatedly visited the premises, knew the quantity of stock kept on hand, and had told defendants that the floor would "hold ten times as much" as they had there; that there had been a fire in the building; that the beams that broke had been burned; and that after the accident about 15 new beams had been put in, and the burned ones taken out. Held, that a verdict for defendants was supported by the evidence.

Appeal from trial term.

Action by Frank S. Haas against Hyman Brown and others. From a judgment entered on a verdict rendered by a jury in favor of defendants, and from an order denying a motion for a new trial on the judge's minutes, plaintiff appeals. Affirmed.

Argued before VAN· WYCK, C. J., and SCHUCHMAN and McCARTHY, JJ.

Blandy, Mooney & Shipman, for appellant.

Max D. Steuer, for respondent.

SCHUCHMAN, J.    This is an appeal from a judgment entered upon a verdict rendered by a jury, and from the order denying a motion for a new trial upon the judge's minutes.    This action is brought to recover damages by reason of the defendant's violation of the following covenants of their lease, viz.:

"That the premises No. 125 Attorney street, in the city of New York, were leased and demised by the plaintiff to the defendants to be used by them only as a paper box factory, and not otherwise; that the defendants should not occupy or use the said premises, nor permit the same to be used or occupied, for any business extra hazardous on account of fire or otherwise, without the written consent of the plaintiff, under a penalty of forfeiture and damages; and that the defendants would quit and surrender the premises so demised in as good a state and condition as reasonable use and wear thereof would permit, damages by the elements excepted."

The evidence adduced by the plaintiff shows that the defendants piled upon the second floor of said premises, upon a space of about 10 or 12 feet square, 40 to 50 tons of cardboard paper, and in consequence of that weight, which was too heavy as and for the reasonable use of that floor, the beams broke, and fell to the floor below; and the further fact that the plaintiff repeatedly warned the defendants not to overload that particular space with piles of paper, but place the paper more around the walls.    The evidence adduced on behalf of the defendants shows that on May 13, 1895, when the accident happened, and the second floor broke down, there was only loaded eight tons of paper upon the particular space of flooring which broke down; that they never had more than ten or twelve tons on said floor; that the plaintiff repeatedly visited said floor, and knew the quantity of stock of paper that they always kept on hand; and the further fact that the defendants asked the plaintiff, prior to the accident, whether he thought the floor was strong enough to hold that quantity of paper, to which he replied, "Nonsense; it will hold ten times as much as you have there;" and the further fact that there was a fire in said building in 1889, and that these very beams that broke were burned, and after the accident about 15 new beams were put in, and the burned ones taken out.    On this conflict of evidence, the question of the defendants' liability for a misuser of the premises under the covenants in the lease was properly and fairly submitted to the jury, who found for the defendants.    The evidence fully sustains that verdict.

Judgment and order appealed from affirmed, with costs.    All concur.